UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MAMCO CORPORATION,

        Plaintiff,

        v.                                            Case No. 10-C-0124

CARLISLE COMPANIES INC.,
KENRO INC.,

        Defendants.

---

ORDER DENYING MOTION TO REMAND (DOC. # 10)

The plaintiff, Mamco Corporation, brought suit in Racine County Circuit Court asserting tort claims against Carlisle Incorporated, and Kenro Incorporated, regarding a mold set owned by Mamco. The defendants[1] removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, 1446. However, plaintiff timely filed a motion to remand, which is now before the court.

Title 28 U.S.C. § 1441 allows defendants to remove any civil action commenced in state court to the district court sitting in the district and division in which the action is pending. 28 U.S.C. § 1441(a). Defendants assert that this case was removed from state court because the parties are completely diverse and the amount in controversy exceeds the jurisdictional amount. Accordingly, the notice of removal states on information and belief that the plaintiff is a Wisconsin corporation with its principal place of business in Franksville, Wisconsin, and that Carlisle Companies, Inc., is a Delaware corporation with

---

[1] Carlisle consents to removal on behalf of its subsidiary Kenro, as Kenro ceased operating in October 2008.

its principal place of business in Syracuse, New York, and no principal place of business in Wisconsin.

Title 28 U.S.C. § 1446(b) requires defendants to file the notice of removal within thirty days after receipt, through service or other means, of the complaint or the summons if the complaint is not required to be served upon the defendant. Here, the notice of removal states that plaintiff filed its summons and complaint in the Racine County Circuit Court on January 15, 2010, and that the defendants filed their answer, motion to dismiss and affirmative defenses on February 9, 2010. Although the notice of removal fails to mention the date of service by the plaintiff, it appears that the February 12, 2010, filing of the notice is timely.[2]

Next, the court turns to the motion to remand. The pertinent issue for consideration is whether there is complete diversity. As the party asserting that removal is proper, the defendants have the burden of proving that this court has diversity jurisdiction. *See Hertz v. Friend*, 559 U.S. ____, 130 S.Ct. 1181, 1194 (2010) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 551 U.S. 375, 377 (1994)). According to 28 U.S.C. § 1332(c)(1) a corporation is a citizen of any state in which it has been incorporated and of the state in which it has its principal place of business. Resolving a circuit split regarding the appropriate test to determine the location of a corporation's principal place of business, the Supreme Court adopted the "nerve center" test in *Hertz*. The Court stated that

---

[2] Even if Carlisle and Kenro were served on January 15, 2010, the day the state court case was filed, defendants have filed the notice of removal within the thirty day period. Moreover, plaintiff never argues that the case was not removed in a timely manner.

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Court of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors who have traveled there for the occasion).

*Hertz*, 130 S.Ct. at 1192.

In the instant case, determining the location of Kenro's principal place of business is more difficult because Kenro ceased doing business in 2008 and is in the process of winding down as it dissolves. *See* Aff. in Supp. Fed. Court Diversity Juris. and in Resp. to Pl.'s Mot. to Remand to State Court, ¶¶ 2-6. In cases where the defendant's business is closing, courts have held that a corporation's principal place of business is the location that the wind-down activities are taking place. *See In re Washington, Perito & Dubuc*, 154 B.R. 853, 859 (S.D. N.Y. June 2, 1993) ("In cases where an entity is undergoing dissolution, such as liquidation, the principal place of business is in the district where the 'winding up' activity is taking place."). An inactive corporation's principal place of business is the state in which it last transacted business. *See Circle Industries USA, Inc., v. Parke Construction Group, Inc.*, 183 F.3d 105, 108 (2nd Cir. 1999); *WM. Passalacqua Builders, Inc., v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2nd Cir. 1991); *China Basin Properties, Ltd., v. One Pass, Inc.*, 812 F.Supp. 1038, 1040-41 (N.D. Cal. Feb. 8, 1993).

In its motion to remand, the plaintiff, a Wisconsin corporation, maintains that the parties are not diverse because Kenro's principal place of business is Wisconsin . Two

key reasons are cited: 1) Kenro owns real estate in Wisconsin; and 2) Kenro is authorized by the Wisconsin Department of Financial Institutions to do business in the state and it filed an 2010 annual report in Wisconsin. *See* Pl.'s Br. in Supp. of Mot. to Remand, p. 4. Moreover, plaintiff contends that this court should adopt the approach used by the Second Circuit in *Circle Industries* regarding inactive corporations and use the state in which Kenro last transacted business as its principal place of business. *See* Pl.'s Rep. Br. to Defs.' Br. in Opp'n to Mot. to Remand, pp. 2-3.

In their brief, defendants assert that there is no dispute that Kenro has ceased operating in Wisconsin, has no Wisconsin employees and maintained no offices in Wisconsin when this action was filed. They add that the Kenro Board of Directors is responsible for winding down of the corporation, including the sale of the property in Wisconsin, and that the employee with primary responsibility for handling these matters is located in North Carolina. Also, corporate records are maintained outside Wisconsin.

The evidence in this case consists of each side's supporting affidavits. Plaintiff's submissions are copies of: 1) a document from the Wisconsin Department of Financial Institutions indicating that Kenro's status was "Incorporated/Qualified/Registered" as of March 11, 2010; 2) a document providing property tax assessment details indicating that Kenro is the owner of property in Freedonia, Wisconsin; 3) a copy of a remittance statement from Mamco to Kenro dated March 14, 2001; and 4) a letter from the Wisconsin Department of Workforce Development stating that assistance for former Kenro workers would be available until August 28, 2010.

Defendants' supporting affidavit states: 1) that the affiant is on the Board of Directors of Kenro Incorporated; 2) that Kenro has no employees; 3) that while Kenro

continues to own property in Wisconsin, it does not use the property for any current business purpose; 4) that part of the business responsibilities of the Kenro Board of Directors are to sell the Wisconsin property and to complete the wind-down of the company so that it can dissolve the corporation; 5) that all of Kenro's continued activity is being directed and handled by people outside of Wisconsin, mainly by a Carlisle employee located in North Carolina; and 6) any of Kenro's business records, especially those pertaining to Mamco, if they still exist, are located outside Wisconsin.

In the instant case, defendants' have met their burden of convincing the court that Kenro's principal place of business is not Wisconsin.[3]  Plaintiff concedes that Kenro is winding down and ended its Wisconsin operations in late 2008.  *See* Pl.'s Rep. Br. to Defs.' Br. in Opp'n to Mot. to Remand, p 3.  Certainly, whatever business Kenro was conducting when this action commenced was not centered in Wisconsin.  Therefore, contrary to plaintiff's contention, the Second Circuit's approach looking to the last state in which an inactive corporation's principal place of business was located is inappropriate here because Kenro is still conducting some business activities.  Consequently, this court looks to the state where wind-down operations are taking place for the location of Kenro's principal place of business.  *See In re Washington, Perito & Dubuc*, 154 B.R. at 859.

That Kenro is still registered with the State of Wisconsin and still owns property in Wisconsin does not mean that it is actively conducting business in Wisconsin. And plaintiff does not contend or offer any evidence that Kenro is doing so.  Moreover,

---

[3] To find that there is complete diversity and that this case is properly before this federal district court, the court need only find that Kenro's principal place of business is not Wisconsin - it does not have to answer the broader question of where the principal place of business for Kenro lies. *See Carlos v. Adamany*, 1996 WL 210019, *3 (N.D. Ill. April 17, 1996).

even if plaintiff had offered evidence that Kenro had some Wisconsin operations when this action commenced, it would not be enough to show that Kenro's nerve center was located in Wisconsin at the time. Also, the remittance statement shows only that Kenro was doing business in Wisconsin in March 2001, almost nine years before the removal of this case. Finally, Wisconsin's offer of assistance to Kenro's former employees is not evidence of Kenro's continued activity in Wisconsin.

For these reasons, the court concludes that Kenro's principal place of business is not in Wisconsin and that the parties are completely diverse. Therefore,

IT IS ORDERED that plaintiff's motion to remand is denied.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE